IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRAD JAMES,

      Plaintiff,                                   CIV. NO. S- 08-2681 FCD GGH PS

    vs.

DEUTSCHE BANK NATIONAL TRUST CO.,

et al.,

                                              <u>FINDINGS & RECOMMENDATIONS</u>

      Defendants.

_____/

          This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). This action was removed from state court on November 7, 2008. In the order requiring joint status report, filed November 10, 2008, plaintiff was advised of the requirement to file an opposition or statement of non-opposition to pretrial motions, and the possibility of dismissal for failure to do so. Defendant First American Loanstar Trustee Services filed an amended motion to dismiss on November 12, 2008, to which plaintiff did not respond. Defendant Wells Fargo Bank dba America's Servicing Company, erroneously sued as America's Servicing Company and Deutsche Bank National Trust Co., filed a motion to dismiss on November 14, 2008, to which plaintiff did not respond. By order filed December 11, 2008, the hearings on both motions were

1

vacated due to plaintiff's failure to file oppositions.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status report, failure to file an opposition or statement of non-opposition may be deemed not only consent to the granting of the motion, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 78-230(c). More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 11-110; see also E. D. Cal. L. R. 83-183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this

| | |
|---|---|
| 1 | case be dismissed. |
| 2 | Accordingly, IT IS RECOMMENDED this action be dismissed with prejudice |
| 3 | pursuant to Federal Rule of Civil Procedure 41(b). |
| 4 | These findings and recommendations are submitted to the United States District |
| 5 | Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten |
| 6 | (10) days after being served with these findings and recommendations, any party may file written |
| 7 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 8 | "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections |
| 9 | shall be served and filed within ten (10) days after service of the objections. The parties are |
| 10 | advised that failure to file objections within the specified time may waive the right to appeal the |
| 11 | District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 12 | DATED: May 15, 2009 |
| 13 | /s/ Gregory G. Hollows |
| 14 | GREGORY G. HOLLOWS<br>U. S. MAGISTRATE JUDGE |
| 15 | GGH:076/James2681.mtd.wpd |